FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 AUG 21 PM 3: 53

SIGN
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT R. CUNNINGHAM | * | CIVIL ACTION NO.: _12_ |
| | * | |
| VS. | * | |
| | * | _06-602- RET-SCR_ |
| BOARD OF SUPERVISORS OF | * | |
| LOUISIANA STATE UNIVERSITY | * | |
| AND AGRICULTURAL AND | * | JUDGE |
| MECHANICAL COLLEGE, AND | * | |
| ED LAWS, INDIVIDUALLY AND | * | |
| IN HIS OFFICIAL CAPACITY | * | MAGISTRATE |

---

## NOTICE OF REMOVAL

---

**NOW INTO COURT**, through undersigned counsel, come defendants, the **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE ("LSU") and EDWARD LAWS, defendants herein, (collectively referred to as "Defendants"),** who respectfully petition for removal of this action to this Honorable Court pursuant to 28 U.S.C §§ 1331, 1367, 1441, and 1446. In support of this removal, defendants assert the following:

I.

On or July 12, 2006, plaintiff, Albert R. Cunningham, filed this suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, under the caption "*Albert R. Cunningham v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Ed Laws, Individually and in his Official Capacity*" which is now pending therein bearing suit number 545,163, Section "24". A copy of the plaintiff's original Petition is attached hereto.

Case 3:06-cv-00602-RET-SCR   Document 1   08/21/06   Page 1 of 27

II.

The plaintiff alleges in his Petition that he is entitled to damages for his termination from employment by LSU as an assistant professor, citing 42 U.S.C. §1983, Title VII (codified at 20 U.S.C. §1681) and Title IX (codified at 42 U.S.C. 2000e, *et. seq.*), and Louisiana law (La. R.S. 28:967) as the basis for his claims. Additionally, as part of his claims for damages, plaintiff contends that the defendants are liable to him for attorney's fees and punitive damages for their alleged unconstitutional and illegal actions.

III.

Defendant, LSU, was served with the plaintiff's Petition on July 21, 2006.

IV.

Defendant, Edward Laws, was served with the plaintiff's Petition on or after July 21, 2006.

V.

Further, plaintiff states in his Petition that he has filed a Charge of Discrimination against defendants with the Equal Employment Opportunity Commission and the Louisiana Commission on Human Rights.

VI.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 based upon the allegations made by plaintiff in his petition, of which numerous claims arise are under federal law. Accordingly, the removal is proper pursuant to 28 U.S.C. §1441.

VII.

The following is an explanation for the basis for <u>federal question jurisdiction</u>:

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. §1331.

2

374731v.1

Plaintiff specifically alleges in his Petition that, because the defendants unlawfully retaliated against him while he was an employee of LSU, the defendants are now liable to him pursuant to Title VII and Title IX. These specific statutory allegations of federal law by the plaintiff bring this matter under the jurisdiction of this Court. In addition, plaintiff claims that because defendants "impaired and abridged" his rights under the First and Fourteenth Amendments of the United States Constitution, he is entitled to damages and punitive damages pursuant to 42 U.S.C. §1983. Therefore, under any of these allegations, this matter is properly removable to this Court under 28 U.S.C. §1441(b).

Further, all state law claims that the plaintiff has asserted in his Petition are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 and are removable under 28 U.S.C. §1441.

VIII.

This notice is timely under the provisions of 28 U.S.C. §1446 as it was filed within thirty (30) days of receipt of valid service of process by the Defendants of the pleading from which it became ascertained that the case was removable.

IX.

This suit is being removed less than one year after commencement of this action in state court.

X.

Pursuant to 28 U.S.C. §1441, the United States District Court for the Middle District of Louisiana is the District and Division within which the above described state court action is pending.

374731v.1

XI.

Defendants have served copies of this Petition for Removal upon the adverse party, and a copy of the Petition for Removal and the Notice of Removal are being filed with the Clerk of Court of the 19th Judicial District in and for the Parish of East Baton Rouge, State of Louisiana, to effect a removal of this action to this Court, all in conformity with 28 U.S.C. §1446.

XII.

All defendants consent to this removal.

XIII.

Based upon the foregoing, this Court has removal jurisdiction over this action based on federal question pursuant to 28 U.S.C. §1331 and 1441(b).

**WHEREFORE, Defendants**, the **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE and EDWARD LAWS,** pray that this Petition for Removal be accepted by this Honorable Court as good and sufficient and that the above-described civil action be removed from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to this Court for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it all copies of all records and proceedings presently pending in the aforementioned state court and thereupon proceed with the civil action as if originally commenced in this Court; and for all necessary and appropriate orders and decrees in accordance with applicable law.

Baton Rouge, Louisiana, this 21st day of August, 2006.

374731v.1

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.**

By: _____

David J. Shelby, II  (Bar # 22614)
William H.L. Kaufman (Bar # 29929)
451 Florida Street, 8th Floor
P. O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221

*Attorneys for the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Edward Laws*

## - CERTIFICATE OF SERVICE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to:

COUNSEL FOR PLAINTIFF:

Jill L. Craft
ATTORNEY AT LAW
8702 Jefferson Hwy., Suite B
Baton Rouge, LA, 70809

Baton Rouge, Louisiana, this 21st day of August, 2006.

_____
William H. L. Kaufman

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT R. CUNNINGHAM | * | CIVIL ACTION NO.: |
| | * | |
| VS. | * | |
| | * | |
| BOARD OF SUPERVISORS OF | * | |
| LOUISIANA STATE UNIVERSITY | * | |
| AND AGRICULTURAL AND | * | JUDGE: |
| MECHANICAL COLLEGE, AND | * | |
| ED LAWS, INDIVIDUALLY AND | * | |
| IN HIS OFFICIAL CAPACITY | * | MAGISTRATE: |

---

## CERTIFICATE

William H. L. Kaufman, counsel for defendant, **BOARD OF SUPERVISORS LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE and ED LAW, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY**, being duly sworn, says that upon the filing of this Petition for Removal to the United States District Court for the Middle District of Louisiana, he, on the 21st day of August, 2006, gave written notice to the adverse party by placing a true copy of the Petition for Removal in the United States Mail, postage prepaid, to the attorney of record for the plaintiff, Albert R. Cunningham, and that on this same day, a copy of said Petition for Removal and a copy of the Notice of Removal, copies of which are attached hereto, were filed with the Clerk of Court for the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, where this action originally was pending.

Baton Rouge, Louisiana, this 21st day of August, 2006.

William H. L. Kaufman

SWORN TO AND SUBSCRIBED before me, this 21st day of August, 2006.

NOTARY PUBLIC (#54467 )

374731v.1

NUMBER 545,163 DIVISION "24"

ALBERT R. CUNNINGHAM

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND MECHANICAL COLLEGE, AND
ED LAWS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PETITION

The Petition of Albert R. Cunningham, a resident of the full age of majority of Iberville Parish, Louisiana, respectfully represents:

1.

The defendants enumerated below are justly and truly indebted unto Petitioner for all sums as are reasonable under premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity:

1. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (hereinafter "LSU"), an entity domiciled in East Baton Rouge Parish, Louisiana;

2. Ed Laws, individually and in his official capacity as Dean of the LSU School of the Coast and Environment, upon information and belief and therefore Petitioner alleges, a resident of the full age of majority of East Baton Rouge Parish, Louisiana.

2

On January 15, 2002, after being heavily recruited by LSU, Petitioner was employed as an Assistant Professor, tenure track, at LSU in the School of the Coast and Environment.

3.

Throughout his employment, Petitioner single-handedly obtained sizable grants for LSU and for cutting edge research. Petitioner, at all times, is one of only a handful of PhD's in the United States who have expertise in his area of studies. Indeed, Petitioner was performing so well at LSU that he received recommendation for and permission to apply for early tenure - several years ahead of normal tenure track.

4

However, in December, 2004, Petitioner, who was teaching a graduate level course at the time, reported both an American student and a Korean student for plagiarism of a class essay. Petitioner reported both instances of plagiarism to LSU, specifically, the LSU Dean of Students. Both students were subsequently found guilty of plagiarism by LSU. In addition, after reporting the Korean student's plagiarism of the class essay, Petitioner also reported this same student for plagiarizing his Masters thesis to LSU. This student was also determined by LSU to have committed plagiarism.

5.

In spite of the identical nature of the first instances of plagiarism, the Korean student received a "B" in Petitioner's class, including the plagiarized essay, and the American student was given an "F" in Petitioner's class. These grade assignments were imposed by defendant Laws and were clearly representative of disparate treatment in favor of the Korean student and against the American student. Petitioner protested the disparate treatment on account of national origin and race to defendant LSU and defendant Laws, to no avail. Indeed, defendant Laws specifically advised Petitioner that the Korean student had received and was receiving preferential treatment as compared to the American student was "because the student was Korean."

6

In response to Petitioner's protests of the illegal conduct to defendant Laws, defendant Laws responded by terminating Petitioner's employment from LSU on July 14, 2005, effective July 14, 2006. Since receipt of notice of his unlawful termination, Petitioner has been harassed on almost a daily basis, including being given undesirable assignments and tasks, having his work product unreasonably scrutinized, and continually threatened. In addition, Petitioner's wife, who was also employed by defendant LSU as Research Associate IV, was terminated from employment at LSU on July 25, 2005.

7

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, lost wages and benefits, loss of earning capacity, severe and extreme emotional distress, mental anguish, humiliation and embarrassment, loss of reputation and standing in the professional community, and all such other damages as will be more fully shown at trial and all for which Petitioner specifically sues for herein.

8.

At all times pertinent hereto, Petitioner enjoyed clearly established rights to his continued, tenure track public employment, his liberty interest in his reputation, and due process pursuant to the 14th Amendment to the United States Constitution. In addition, Petitioner, at all times, enjoyed a clearly established right to report illegal activity and discrimination pursuant to the 1st Amendment to the United States Constitution. The actions of defendant Laws as set forth herein impaired and abridged Petitioner's clearly established rights.

9.

Defendant Laws is thus liable to Petitioner pursuant to 42 U.S.C. §1983 for damages and punitive damages as allowed by law.

10.

Petitioner additionally contends that defendant LSU's conduct as set forth herein constitutes unlawful retaliation under Title IX and Title VII and, further constitutes illegal "reprisal" within the meaning and intent of La. R.S. 23:967.

11.

Petitioner timely filed a Charge of Discrimination with the EEOC and LCHR, but has not yet received his Notice of Right to Sue.

12.

Petitioner is entitled to and desires an award of attorney's fees pursuant to Federal and Louisiana law.

13.

Petitioner is entitled to and desires an award of all relief to which he is entitled at law or in equity.

14.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Albert Cunningham, prays for trial by jury and after due proceedings are had that there be judgment herein in his favor and against defendants, Board of Supervisors of Louisiana State University Agricultural and Mechanical College and Ed Laws, individually and in his official capacity, jointly and in solido as allowed by law, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to

which Petitioner is entitled at law or in equity.

Respectfully submitted,

By _____
Jill L. Craft, #20922
Attorney at Law, LLC
8702 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
(225) 928-5353

PLEASE SERVE:

Board of Supervisors of LSU,
through
Laura Leech
3838 West Lakeshore Drive
Baton Rouge, Louisiana

Dean Ed Laws,
Louisiana State University
School of the Coast and Environment
Baton Rouge, Louisiana

FILED 7-12-06
Signed Danielle Sins
Dy. Clerk
A True Copy 7-19-06
Dedicial Oaks
Dy. Clerk

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER _____ DIVISION "____"

ALBERT R. CUNNINGHAM

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND MECHANICAL COLLEGE, AND
ED LAWS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

VERIFICATION

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public personally came and appeared:

Albert Cunningham

a resident of the full age of majority of Iberville Parish, Louisiana, who upon being duly sworn did depose and state that he is the Petitioner in the above and foregoing Petition, that he has read same and all facts and allegations contained therein are true and correct

SWORN TO AND SUBSCRIBED before me, Notary Public, this 12th day of July, 2006.

_Angela L. Easley_
Angela L. Easley
#65506

FILED 7-12-06
Signed _Danielle Sims_
                              Dy. Clerk
A True Copy 7-18-06
_Jedidia Carter_
                              Dy. Clerk

TOTAL P.02

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT R. CUNNINGHAM | * | CIVIL ACTION NO.: |
| | * | |
| VS. | * | |
| | * | |
| BOARD OF SUPERVISORS OF | * | |
| LOUISIANA STATE UNIVERSITY | * | |
| AND AGRICULTURAL AND | * | JUDGE: |
| MECHANICAL COLLEGE, AND | * | |
| ED LAWS, INDIVIDUALLY AND | * | |
| IN HIS OFFICIAL CAPACITY | * | MAGISTRATE: |

## NOTICE OF REMOVAL TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

TO:   ALBERT R. CUNNINGHAM
        through his attorney of record:
        Jill L. Craft
        8702 Jefferson Hwy. Suite B
        Baton Rouge, LA 70809

**PLEASE TAKE NOTICE** that a Notice of Removal of the above entitled and captioned action bearing suit number 545,163, Section "24" on the docket of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, was filed in the United States District Court for the Middle District of Louisiana on this day. A copy of said notice is being served and filed herewith in conformity with 28 U.S.C.A. § 1446(d).

Baton Rouge, Louisiana, this 21st day of August, 2006.

Case 3:06-cv-00602-RET-SCR   Document 1   08/21/06   Page 12 of 27

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.**

By: _____
        David J. Shelby, II  (Bar # 22614)
        William H.L. Kaufman (Bar # 29929)
        451 Florida Street, 8th Floor
        P. O. Box 2471
        Baton Rouge, LA 70821
        Telephone:  (225) 387-3221

*Attorneys for the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Edward Laws*

## - CERTIFICATE OF SERVICE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to:

COUNSEL FOR PLAINTIFF:

Jill L. Craft
ATTORNEY AT LAW
8702 Jefferson Hwy., Suite B
Baton Rouge, LA, 70809

Baton Rouge, Louisiana, this 21st day of August, 2006.

_____
William H. L. Kaufman

2

# NINETEENTH JUDICIAL DISTRICT COURT

# STATE OF LOUISIANA

# PARISH OF EAST BATON ROUGE

| | | |
|---|---|---|
| ALBERT R. CUNNINGHAM | : | SUIT NO.: 545,163 |
| | : | |
| VERSUS | : | |
| | : | |
| BOARD OF SUPERVISORS OF | : | |
| LOUISIANA STATE UNIVERSITY | : | |
| AND AGRICULTURAL AND | : | |
| MECHANICAL COLLEGE, AND | : | |
| ED LAWS, INDIVIDUALLY AND | : | |
| IN HIS OFFICIAL CAPACITY | : | SECTION: "24" |

## NOTICE OF REMOVAL TO FEDERAL COURT

To:    Honorable Doug Welborn
Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
Governmental Building
222 St. Louis Street
Baton Rouge, LA 70821-1991

Jill L. Craft
8702 Jefferson Hwy. Suite B
Baton Rouge, LA 70809
COUNSEL FOR ALBERT R. CUNNINGHAM

NOW INTO COURT, appearing herein through undersigned counsel, come Defendants,

the **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND

AGRICULTURAL AND MECHANICAL COLLEGE ("LSU"), and EDWARD LAWS

(collectively referred to as "Defendants"),** who hereby give notice that on this 21st day of August,

2006, a Notice of Removal in the above captioned case, a copy of which is attached hereto, is being

filed in the United States District Court for the Middle District of Louisiana in Baton Rouge,

Louisiana. A copy of said notice is being served and filed herewith in conformity with 28 U.S.C.A. § 1446(d).

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.

By:

David J. Shelby, II (Bar # 22614)
William H.L. Kaufman (Bar # 29929)
451 Florida Street, 8th Floor
P. O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
*Attorneys for the Board of Supervisors of Louisiana State University
and Agricultural and Mechanical College and Edward Laws*

## - - CERTIFICATE OF SERVICE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to:

COUNSEL FOR PLAINTIFF:

Jill L. Craft
ATTORNEY AT LAW
8702 Jefferson Hwy., Suite B
Baton Rouge, LA, 70809

Baton Rouge, Louisiana, this 21st day of August, 2006.

William H. L. Kaufman

- 2 -

374753v.1

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT R. CUNNINGHAM | * | CIVIL ACTION NO.: |
| | * | |
| VS. | * | |
| | * | |
| BOARD OF SUPERVISORS OF | * | |
| LOUISIANA STATE UNIVERSITY | * | |
| AND AGRICULTURAL AND | * | JUDGE |
| MECHANICAL COLLEGE, AND | * | |
| ED LAWS, INDIVIDUALLY AND | * | |
| IN HIS OFFICIAL CAPACITY | * | MAGISTRATE |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come defendants, the **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE ("LSU")** and **EDWARD LAWS,** defendants herein, (collectively referred to as "Defendants"), who respectfully petition for removal of this action to this Honorable Court pursuant to 28 U.S.C §§ 1331, 1367, 1441, and 1446. In support of this removal, defendants assert the following:

I.

On or July 12, 2006, plaintiff, Albert R. Cunningham, filed this suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, under the caption *"Albert R. Cunningham v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Ed Laws, Individually and in his Official Capacity"* which is now pending therein bearing suit number 545,163, Section "24". A copy of the plaintiff's original Petition is attached hereto.

II.

The plaintiff alleges in his Petition that he is entitled to damages for his termination from employment by LSU as an assistant professor, citing 42 U.S.C. §1983, Title VII (codified at 20 U.S.C. §1681) and Title IX (codified at 42 U.S.C. 2000e, *et. seq.*), and Louisiana law (La. R.S. 28:967) as the basis for his claims. Additionally, as part of his claims for damages, plaintiff contends that the defendants are liable to him for attorney's fees and punitive damages for their alleged unconstitutional and illegal actions.

III.

Defendant, LSU, was served with the plaintiff's Petition on July 21, 2006.

IV.

Defendant, Edward Laws, was served with the plaintiff's Petition on or after July 21, 2006.

V.

Further, plaintiff states in his Petition that he has filed a Charge of Discrimination against defendants with the Equal Employment Opportunity Commission and the Louisiana Commission on Human Rights.

VI.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 based upon the allegations made by plaintiff in his petition, of which numerous claims arise are under federal law. Accordingly, the removal is proper pursuant to 28 U.S.C. §1441.

VII.

The following is an explanation for the basis for <u>federal question jurisdiction</u>:

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. §1331.

2

Case 3:06-cv-00602-RET-SCR   Document 1   08/21/06   Page 17 of 27

Plaintiff specifically alleges in his Petition that, because the defendants unlawfully retaliated against him while he was an employee of LSU, the defendants are now liable to him pursuant to Title VII and Title IX. These specific statutory allegations of federal law by the plaintiff bring this matter under the jurisdiction of this Court. In addition, plaintiff claims that because defendants "impaired and abridged" his rights under the First and Fourteenth Amendments of the United States Constitution, he is entitled to damages and punitive damages pursuant to 42 U.S.C. §1983. Therefore, under any of these allegations, this matter is properly removable to this Court under 28 U.S.C. §1441(b).

Further, all state law claims that the plaintiff has asserted in his Petition are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 and are removable under 28 U.S.C. §1441.

VIII.

This notice is timely under the provisions of 28 U.S.C. §1446 as it was filed within thirty (30) days of receipt of valid service of process by the Defendants of the pleading from which it became ascertained that the case was removable.

IX.

This suit is being removed less than one year after commencement of this action in state court.

X.

Pursuant to 28 U.S.C. §1441, the United States District Court for the Middle District of Louisiana is the District and Division within which the above described state court action is pending.

3

Case 3:06-cv-00602-RET-SCR   Document 1    08/21/06   Page 18 of 27

XI.

Defendants have served copies of this Petition for Removal upon the adverse party, and a copy of the Petition for Removal and the Notice of Removal are being filed with the Clerk of Court of the 19th Judicial District in and for the Parish of East Baton Rouge, State of Louisiana, to effect a removal of this action to this Court, all in conformity with 28 U.S.C. §1446.

XII.

All defendants consent to this removal.

XIII.

Based upon the foregoing, this Court has removal jurisdiction over this action based on federal question pursuant to 28 U.S.C. §1331 and 1441(b).

WHEREFORE, Defendants, the **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE** and **EDWARD LAWS,** pray that this Petition for Removal be accepted by this Honorable Court as good and sufficient and that the above-described civil action be removed from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to this Court for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it all copies of all records and proceedings presently pending in the aforementioned state court and thereupon proceed with the civil action as if originally commenced in this Court; and for all necessary and appropriate orders and decrees in accordance with applicable law.

Baton Rouge, Louisiana, this 21st day of August, 2006.

4

Case 3:06-cv-00602-RET-SCR   Document 1    08/21/06   Page 19 of 27

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.

By: _____

David J. Shelby, II (Bar # 22614)
William H.L. Kaufman (Bar # 29929)
451 Florida Street, 8th Floor
P. O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221

*Attorneys for the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Edward Laws*

## - CERTIFICATE OF SERVICE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to:

COUNSEL FOR PLAINTIFF:

Jill L. Craft
ATTORNEY AT LAW
8702 Jefferson Hwy., Suite B
Baton Rouge, LA, 70809

Baton Rouge, Louisiana, this 21st day of August, 2006.

_____
William H. L. Kaufman

5

Case 3:06-cv-00602-RET-SCR   Document 1   08/21/06   Page 20 of 27

| | | |
|---|---|---|
| ALBERT R. CUNNINGHAM | * | CIVIL ACTION NO.: |
| | * | |
| VS. | * | |
| | * | |
| BOARD OF SUPERVISORS OF | * | |
| LOUISIANA STATE UNIVERSITY | * | |
| AND AGRICULTURAL AND | * | JUDGE: |
| MECHANICAL COLLEGE, AND | * | |
| ED LAWS, INDIVIDUALLY AND | * | |
| IN HIS OFFICIAL CAPACITY | * | MAGISTRATE: |

## CERTIFICATE

William H. L. Kaufman, counsel for defendant, **BOARD OF SUPERVISORS LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE and ED LAW, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY**, being duly sworn, says that upon the filing of this Petition for Removal to the United States District Court for the Middle District of Louisiana, he, on the 21st day of August, 2006, gave written notice to the adverse party by placing a true copy of the Petition for Removal in the United States Mail, postage prepaid, to the attorney of record for the plaintiff, Albert R. Cunningham, and that on this same day, a copy of said Petition for Removal and a copy of the Notice of Removal, copies of which are attached hereto, were filed with the Clerk of Court for the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, where this action originally was pending.

Baton Rouge, Louisiana, this 21st day of August, 2006.

William H. L. Kaufman

SWORN TO AND SUBSCRIBED before me, this 21 day of August, 2006.

NOTARY PUBLIC (#54467 )

374731v.1

NUMBER 545,163 DIVISION "24"

ALBERT R. CUNNINGHAM

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND MECHANICAL COLLEGE, AND
ED LAWS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PETITION

The Petition of Albert R. Cunningham, a resident of the full age of majority of Iberville Parish, Louisiana, respectfully represents:

I

The defendants enumerated below are justly and truly indebted unto Petitioner for all sums as are reasonable under premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

1. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (hereinafter "LSU"), an entity domiciled in East Baton Rouge Parish, Louisiana;

2. Ed Laws, individually and in his official capacity as Dean of the LSU School of the Coast and Environment, upon information and belief and therefore Petitioner alleges, a resident of the full age of majority of East Baton Rouge Parish, Louisiana

2

On January 15, 2002, after being heavily recruited by LSU, Petitioner was employed as an Assistant Professor, tenure track, at LSU in the School of the Coast and Environment

3.

Throughout his employment, Petitioner single-handedly obtained sizable grants for LSU and for cutting edge research. Petitioner, at all times, is one of only a handful of PhD's in the United States who have expertise in his area of studies. Indeed, Petitioner was performing so well at LSU that he received recommendation for and permission to apply for early tenure - several years ahead of normal tenure track.

However, in December, 2004, Petitioner, who was teaching a graduate level course at the time, reported both an American student and a Korean student for plagiarism of a class essay. Petitioner reported both instances of plagiarism to LSU, specifically, the LSU Dean of Students. Both students were subsequently found guilty of plagiarism by LSU. In addition, after reporting the Korean student's plagiarism of the class essay, Petitioner also reported this same student for plagiarizing his Masters thesis to LSU. This student was also determined by LSU to have committed plagiarism.

5

In spite of the identical nature of the first instances of plagiarism, the Korean student received a "B" in Petitioner's class, including the plagiarized essay, and the American student was given an "F" in Petitioner's class. These grade assignments were imposed by defendant Laws and were clearly representative of disparate treatment in favor of the Korean student and against the American student. Petitioner protested the disparate treatment on account of national origin and race to defendant LSU and defendant Laws, to no avail. Indeed, defendant Laws specifically advised Petitioner that the Korean student had received and was receiving preferential treatment as compared to the American student was "because the student was Korean."

6

In response to Petitioner's protests of the illegal conduct to defendant Laws, defendant Laws responded by terminating Petitioner's employment from LSU on July 14, 2005, effective July 14, 2006. Since receipt of notice of his unlawful termination, Petitioner has been harassed on almost a daily basis, including being given undesirable assignments and tasks, having his work product unreasonably scrutinized, and continually threatened. In addition, Petitioner's wife, who was also employed by defendant LSU as Research Associate IV, was terminated from employment at LSU on July 25, 2005.

7

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, lost wages and benefits, loss of earning capacity, severe and extreme emotional distress, mental anguish, humiliation and embarrassment, loss of reputation and standing in the professional community, and all such other damages as will be more fully shown at trial and all for which Petitioner specifically sues for herein.

At all times pertinent hereto, Petitioner enjoyed clearly established rights to his continued, tenure track public employment, his liberty interest in his reputation, and due process pursuant to the 14th Amendment to the United States Constitution. In addition, Petitioner, at all times, enjoyed a clearly established right to report illegal activity and discrimination pursuant to the 1st Amendment to the United States Constitution. The actions of defendant Laws as set forth herein impaired and abridged Petitioner's clearly established rights.

9

Defendant Laws is thus liable to Petitioner pursuant to 42 U.S.C. §1983 for damages and punitive damages as allowed by law.

10.

Petitioner additionally contends that defendant LSU's conduct as set forth herein constitutes unlawful retaliation under Title IX and Title VII and, further constitutes illegal "reprisal" within the meaning and intent of La. R.S. 23:967.

11.

Petitioner timely filed a Charge of Discrimination with the EEOC and LCHR, but has not yet received his Notice of Right to Sue.

12.

Petitioner is entitled to and desires an award of attorney's fees pursuant to Federal and Louisiana law.

13.

Petitioner is entitled to and desires an award of all relief to which he is entitled at law or in equity.

14.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Albert Cunningham, prays for trial by jury and after due proceedings are had that there be judgment herein in his favor and against defendants, Board of Supervisors of Louisiana State University Agricultural and Mechanical College and Ed Laws, individually and in his official capacity, jointly and in solido as allowed by law, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to

Respectfully submitted,

By _____
Jill L. Craft, #20922
Attorney at Law, LLC
8702 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
(225) 928-5353

PLEASE SERVE:

Board of Supervisors of LSU,
through
Laura Leech
3838 West Lakeshore Drive
Baton Rouge, Louisiana

Dean Ed Laws,
Louisiana State University
School of the Coast and Environment
Baton Rouge, Louisiana

FILED___7-12-06___
Signed _Danielle Sims_
Dy. Clerk
A True Copy
7-14-06
_Jedidiah ___
Dy. Clerk

19th JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER _____ DIVISION " ."

ALBERT R. CUNNINGHAM

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND MECHANICAL COLLEGE, AND
ED LAWS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VERIFICATION

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public personally came and appeared

Albert Cunningham

a resident of the full age of majority of Iberville Parish, Louisiana, who upon being duly sworn did depose and state that he is the Petitioner in the above and foregoing Petition, that he has read same and all facts and allegations contained therein are true and correct

_____

SWORN TO AND SUBSCRIBED before me, Notary Public, this 12th day of July, 2006

_Angela L Easley_

Angela L Easley
#65506

FILED 7-12-06
Signed _Danielle Sims_
Dy. Clerk
A True Copy 7-18-06
_Tedisdsa Carter_
Dy. Clerk

Case 3:06-cv-00602-RET-SCR   Document 1    08/21/06   Page 26 of 27

TOTAL P.02

JS 44 (Rev. 1/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Albert R. Cunningham

## DEFENDANTS
Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, and Edward Laws, individually and in his official capacity

**(b)** County of Residence of First Listed Plaintiff    Iberville Parish
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    East Baton Rouge
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jill L. Craft
8702 Jefferson Hwy. Ste. B
Baton Rouge, Louisiana 70809 (225) 928-5353

Attorneys (If Known)
David J. Shelby II (#22614) & William H.L. Kaufman (#29929)
Taylor, Porter, Brooks & Phillips L.L.P.
P. O. Box 2471, Baton Rouge, LA 70821; 225-387-3221

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
     Plaintiff

☒ 3 Federal Question
     (U.S. Government Not a Party)

☐ 2 U.S. Government
     Defendant

☐ 4 Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Med. Malpractice |    Drug |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable |    Liability | ☐ 365 Personal Injury | ☐ 625 Drug Related | | ☐ 450 Commerce |
| ☐ 150 Recovery of | ☐ 320 Assault, Libel & |    Product Liability |    of Property 21 USC | **PROPERTY** | ☐ 460 Deportation |
|    & Enforcement of |    Slander | ☐ 368 Asbestos | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influence |
| ☐ 151 Medicare Act | ☐ 330 Federal |    Personal | ☐ 640 R.R. & Truck | ☐ 830 Patent |    Corrupt Organization |
| ☐ 152 Recovery of |    Employers' |    Injury Product | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans |    Liability |    Liability | ☐ 660 Occupational | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 340 Marine | **PERSONAL** |    Safety/Health | | ☐ 810 Selective Service |
| ☐ 153 Recovery of | ☐ 345 Marine Product | **PROPERTY** | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits |    Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in | ☐ 710 Fair Labor | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle |    Lending |    Act | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal |    Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| |    Injury | ☐ 385 Property Damage |    & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** |    Product Liability | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ |    Sentence |    Security Act |    26 USC 7609 |    Act |
| ☐ 240 Torts to Land |    Accommodations | **Habeas Corpus:** | | | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 530 General | | |    Under Equal Access |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | | |    to Justice |
| |    Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 550 Civil Rights | | |    State Statutes |
| |    Other | ☐ 555 Prison Condition | | | |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983, 20 U.S.C. §1681, 42 U.S.C. 2000e, et. seq.
Brief description of cause:
Plaintiff alleges violations of First and Fourteenth Amendments related to employment with LSU.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE      DOCKET NUMBER

DATE
July 21, 2006

SIGNATURE OF ATTORNEY OF RECORD
8/21/2006   BY WILLIAM H.L. KAUFMAN

FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE